UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OLGA TODOROVIC, individually
and as personal representative of
the Estate of Boris Todorovic,
deceased,

    Plaintiff,

v.                                                        Case No. 5:17-cv-136-Oc-32PRL

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign for profit
insurance company,

    Defendant.

---

**O R D E R**

This case is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Court Approval of Settlement of Wrongful Death/Underinsured Motorist Claim Involving Minor Survivors. (Doc. 38). Plaintiff Olga Todorovic, individually and as Personal Representative of the Estate of Boris Todorovic, believes that the settlement is fair and reasonable, but disputes that court approval is necessary. (Doc. 43).

On December 30, 2013, Boris Todorovic was killed in an automobile accident when a semi-tractor trailer collided with his vehicle. (Doc. 20 ¶¶ 6, 8).

Plaintiff, the decedent's wife, was appointed personal representative of his estate and filed this Florida wrongful death action against State Farm for uninsured/underinsured motorist benefits. (Doc. 20 ¶¶ 4, 10–21). The Amended Complaint states that the decedent "is survived by his wife, Mrs. Todorovic who is over the age of eighteen (18)." (Doc. 20 ¶ 19). The Amended Complaint makes no mention of the decedent's two surviving minor children, and the only claims made are on behalf to the estate and Mrs. Todorovic individually. (Doc. 20 ¶¶ 20–21).

On March, 30, 2018, State Farm filed a motion to approve the parties' settlement, stating that court approval is necessary under Florida's Wrongful Death Act, Florida Statute §§ 768.16–768.28. (Doc. 38). Plaintiff contends that approval is not necessary because the estate is the plaintiff and not the minor children, and that the estates assets will be apportioned by the probate court. (Doc. 43).

Florida statute § 768.25 states: "While an action under this act is pending, no settlement as to amount or apportionment among the beneficiaries . . . which affects a survivor who is a minor . . . shall be effective unless approved by the court." § 768.25, Fla. Stat. (2018). Although the decedent's surviving minor children have no claims in the Amended Complaint, State Farm asserts that "[t]he proposed settlement contemplates release of the minors' claims against [State Farm]." (Doc. 45 at 4). Further, § 768.20 of the Florida Wrongful

2

Death Act requires that such an action "be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages . . . ." If the personal representative is the only one who can bring an action on behalf of a decedent's survivors and she releases all claims which she brought or could have brought, the personal representative would be releasing the surviving children's claims. Such a result "affects a survivor who is a minor." § 768.25. Therefore, based on a plain reading of the statute, court approval of the settlement is required.

The next issue the Court must address is whether it should appoint a guardian to represent the minor children. Several Florida statutes appear to require that a guardian be appointed. See § 744.3025(1)(b) ("[T]he court shall appoint a guardian ad litem to represent the minor's interest before approving a settlement . . . .") (emphasis added); §§ 744.387(2) & (3)(b) (requiring appointment of a guardian where the settlement exceeds $15,000). However, the Eleventh Circuit has held that the decision to appoint a guardian is procedural and governed by Federal Rule of Civil Procedure 17(c). Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001). Regardless of whether state or federal law governs this issue, the appointment of a guardian is necessary to protect the interests of the minor surviving children.

Plaintiff has stated that a probate case for the Estate of Boris Todorovic has already been initiated in the Fifth Judicial Circuit in and for Lake County,

3

case no. 35-2014-CP-000128. (Doc. 43 at 2). The parties shall petition the court in that case for the appointment of a guardian authorized to settle the minors' claims.

Accordingly, it is hereby

**ORDERED:**

1. Not later than **July 30, 2018**, the parties shall petition the Fifth Judicial Circuit in and for Lake County, Probate Division, to appoint a guardian for the surviving minor children.

2. Not later than **August 30, 2018**, the appointed guardian shall review the settlement, and determine whether the minor children should enter into the settlement.

3. Not later than **September 17, 2018**, the parties shall file a notice with this Court providing a status update or a renewed motion for approval, as appropriate, stating the guardian's view of why the settlement is fair to the minors.

4. State Farm's Motion for Court Approval of Settlement of Wrongful Death/Underinsured Motorist Claim Involving Minor Survivors, (Doc. 38), **remains under advisement**.

4

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of June, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record